## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

MARK A. HASSETT,                           )
                                           )
                    **Plaintiff,**          )
v.                                         )          **Case No.   CIV-12-37-SPS**
                                           )
CAROLYN W. COLVIN,                         )
**Acting Commissioner of the Social**       )
**Security Administration,**[1]             )
                                           )
                    **Defendant.**          )

### OPINION AND ORDER AWARDING
### ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the

Social Security Administration's decision denying benefits under the Social Security Act.

The Plaintiff seeks an award of attorneys' fees in the amount of $4,303.70 and costs in

the amount of $350.00 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  The

Commissioner indicates that he has no objection to the fee award.

Upon review of the record herein, the Court finds that said amount is reasonable

and that the Commissioner should be ordered to pay it to the Plaintiff as the prevailing

party herein.  *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided

by statute, a court shall award to a prevailing party . . . fees and other expenses . . .

incurred by that party in any civil action [.]").  *See also Manning v. Astrue*, 510 F.3d

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security.  In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

1246, 1249-50 (10th Cir. 2007) ("The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.").

Accordingly, IT IS ORDERED that the Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 19] is hereby granted and that the Government is hereby ordered to pay the above-referenced amount to the Plaintiff as the prevailing party herein.  IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 8th day of November, 2013.


Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma